[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Susan Calash, has filed a one count complaint against the defendant, Giovanna Griffin. The complaint alleges that the plaintiff was injured, through the negligence of the defendant, when her vehicle was struck in the rear by a vehicle being driven by the defendant. The defendant has filed an answer, denying the allegations of the complaint. The matter has been claimed for the jury list. The defendant has requested, pursuant to Practice Book § 13-11(b), that the plaintiff CT Page 1732 submit to a physical examination to be conducted by a named physician located in Stamford, Connecticut. The plaintiff has filed an objection to the request, asserting that she has moved to Arizona and that submitting to an examination in Connecticut would be overly burdensome. The plaintiff agrees, however, to be examined by a physician near her new home. Both parties have filed memorandums of law in support of their positions.
Practice Book § 13-11(b) provides, in part;
 In the case of an action to recover damages for personal injuries, any party adverse to the plaintiff may file . . . a request that the plaintiff submit to a physical . . . examination at the expense of the requesting party. That request shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. Any such request shall be complied with by the plaintiff unless, within ten days from the filing of the request, the plaintiff files in writing an objection thereto specifying to which portions of said request objection is made and the reasons for said objection. . . . The judicial authority may make such order as is just in connection with the request. No plaintiff shall be compelled to undergo a physical examination by any physician to whom he or she objects in writing.[1]
Our rules of procedure and our statutes set up an often conflicting scenario. A defendant in a personal injury action has a right to request that the plaintiff undergo an independent medical examination. If a request is made, the plaintiff must comply with the examination request but can not be compelled to be examined by a physician to whom she objects. The court is to make such order "as is just" to protect the competing interests of the parties. Numerous decisions have addressed this seemingly unresolvable conflict with various resolutions.[2] In two cases, objections made by the plaintiffs, involving the location of the examining physician, were sustained. See Shepherd-Gotch v.Chioccola, Superior Court, judicial district of New London at Norwich, Docket No. 099597 (May 8, 1992, Hendel, J.); Moore v. Minton, Superior Court, judicial district of New Haven, Docket No. 364211 (October 8, 1998, Silbert, J.) (23 Conn.L.Rptr. 109 n. 1, n. 2).
The court must, therefore, weigh the competing interests of the parties in fashioning a resolution. The court is mindful of the fact that the plaintiff instituted this action in Connecticut and then voluntarily moved CT Page 1733 to Arizona. While the plaintiff is entirely within her rights to have relocated, this causes an unreasonable burden on the defendant to exercise her right to have an independent examination of the plaintiff. As the rules of practice specifically provide that the expense of the examination shall be borne by the requesting party, the defendant is faced with two unfortunate choices. She can either pay for the plaintiff's transportation from Arizona to Connecticut for an examination in Connecticut or she can potentially pay for the transportation of the Arizona examiner to Connecticut, should actual testimony be needed at trial. Both choices impose an additional burden and expense on the defendant as a result of the actions of the plaintiff.
The court is bound, under both Practice Book § 13-11(b) and General Statutes § 52-178a, to sustain the plaintiff's objection to the defendant's request that she submit to an independent medical examination by the named physician located in Stamford, Connecticut. As it is possible that the plaintiff will return to Connecticut to be deposed and it is certain that she must return to Connecticut for the trial of this matter, this ruling is made without prejudice to the rights of the defendant to renew this request at any time.[3]
Trial on the merits will not be held unless the plaintiff makes herself reasonably available to have the examination prior thereto. Alternatively, the court will consider a motion by the defendant, at the time of trial, to bar expert medical testimony and evidence on behalf of the plaintiff as a result of her failure to make herself reasonable available for examination. The plaintiff's objection to the defendant's request for physical examination is sustained, subject to the conditions stated herein.
 CONCLUSION
The plaintiff's objection to the defendant's request for physical examination is sustained.
HOLDEN, J.